# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Case No: 1:15CR78

JENI FURY,

    Defendant.

## REPORT AND RECOMMENDATION
## REGARDING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jeni Fury, in person and by counsel, DeAndra Burgon, appeared before me on September 16, 2015. The Government appeared by Sarah Montoro, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to Count Eight of Indictment, charging her with distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was not; it was the second agreement. Counsel for Defendant confirmed the same. Defendant informed the Court that the second agreement was more favorable to her. The Court asked counsel for the Government to summarize the written plea agreement. The Government did so. Defendant stated that she had reviewed both versions of agreement with her counsel, the second agreement was more favorable, and the agreement as summarized by counsel for the Government was the agreement she signed. The Court **ORDERED** the written plea agreement filed.

The Court asked Defendant if she was a citizen of the United States. Defendant stated that she was a citizen. The undersigned asked Defendant whether she understood that if she was not a citizen of the United States, and pled guilty to the felony charge, she would be subject to deportation at the conclusion of serving her sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated, in open court, that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea and issuing a Report and Recommendation. Consistent therewith, Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before the United States Magistrate Judge, which waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and was concurred in by the signature of the Assistant United States Attorney. The Court **ORDERED** the written waiver and consent filed.

The undersigned then reviewed with Defendant Count Eight of Indictment, including the elements of the crime the United States would have to prove at trial. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Eight of Indictment. The undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilt on that charge was imprisonment for a term of not more than twenty (20) years; a fine of not more than $1,000,000.00 could be imposed; both fine and imprisonment could be imposed; and a period of mandatory supervised release of at least three (3) years. Defendant further understood the Court

would impose a special assessment of $100.00 for the felony conviction payable before the date of sentencing and understood that the Court may require her to pay the costs of her incarceration and supervised release.

The undersigned Magistrate Judge reviewed with Defendant her waiver of appellate and collateral attack rights. Defendant understood that if her adjusted offense level is twelve (12) or less before any reduction for acceptance of responsibility and the court does not vary or depart above that level she was waiving her right to appeal her conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under her plea agreement, she was waiving her right to challenge her conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that she was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that she learned about after the plea hearing, and agreed that she was unaware of any ineffective assistance of counsel or prosecutorial misconduct in her case at this time. The undersigned Magistrate Judge determined that Defendant understood her appellate rights and collateral attack rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

Defendant thereafter stated in open court that she understood the terms of the written plea agreement; it contained the whole of her agreement with the Government; and no promises or representations were made to her by the Government or her own counsel than those terms contained in the written plea agreement. Defendant stated she voluntarily executed the written plea agreement only after she fully reviewed it with her attorney and after she had a complete understanding of its terms and provisions. Defendant states it was her idea to sign the plea agreement. The undersigned

Magistrate Judge further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge specifically asked Defendant as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Eight of Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement. The undersigned reiterated to the Defendant, and the Defendant stated she understood, that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, and Defendant stated she understood that, in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence within the statutory maximum than she expected, she would not have a right to withdraw her

guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Government presented a proffer to provide an independent basis in fact to support Defendant's proposed plea of guilty.

Defendant stated she heard, understood, and agreed with the Government's proffer. From said proffer, the undersigned Magistrate Judge concludes the offense charged in Count Eight of Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Defendant, Jeni Fury, in the presence of her counsel, DeAndra Burgon, entered a verbal plea of **GUILTY** to the felony charge contained in Count Eight of Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that: Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty, including the statutory mandatory minimum and maximum sentence; Defendant made a knowing and voluntary plea of guilty to Count Eight of Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge, therefore, recommends Defendant's plea of guilty to the

charge contained in the Count Eight of Indictment be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to an Order Setting Conditions of Release previously entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted: September 16, 2015

*/s/ John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE